IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KATHLEEN GRIFFITH | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 2:17-CV-16 - JRG-RSP |
| | § | JURY |
| WAL-MART STORES, INC. | § | |

**DEFENDANT'S MOTION TO TRANSFER VENUE**

Wal-Mart Stores, Inc. (now Wal-Mart Stores Texas, LLC), files its *Motion to Transfer Venue* as follows:

## I. SUMMARY OF MOTION TO TRANSFER VENUE

1. Plaintiff Kathleen Griffith has filed this suit against Defendant alleging injury due to falling while on Defendant's property.

2. Despite the fact that the Plaintiff, Defendant Wal-Mart, and counsel for Plaintiff all reside in the Tyler Division of the Eastern District of Texas and the incident made the basis of this suit wholly occurred within the Tyler Division, Plaintiff filed her suit with the Marshall Division of the Eastern District of Texas rather than the Tyler Division.

3. Defendant Wal-Mart respectfully requests the Court transfer venue of this matter to the Tyler Division of the Eastern District of Texas for the convenience of the parties, witnesses, and jury, and in the interest of justice. 28 U.S.C. § 1404(a).

## II. ARGUMENTS & AUTHORITIES

A.  **APPLICABLE LAW**

4. The venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another. *In re Radmax, Limited*, 720 F.3d 285 (5th Cir. 2013).

5. A motion to transfer venue pursuant to § 1404(a) should be granted if "the movant demonstrates that the transferee venue is clearly more convenient," taking into consideration (1) "the relative ease of access to sources of proof"; (2) "the availability of compulsory process to secure the attendance of witnesses"; (3) "the cost of attendance for willing witnesses"; (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive"; (5) "the administrative difficulties flowing from court congestion"; (6) "the local interest in having localized interests decided at home"; (7) the familiarity of the forum with the law that will govern the case"; and (8) "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law". (Collectively, the "*Gilbert* factors," *see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501). *In re Volkswagen of Am., Inc. ("Volkswagen II")*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc.); *In re Radmax, Limited*, 720 F.3d at 288.

6. In determining whether to transfer venue, the court must first consider whether the judicial division to which transfer is sought qualifies as a division where the action could have been filed. *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004). If so, the court should then examine

factors relating to both the private convenience of the litigants and to the public interest in the fair and efficient administration of justice, none of which are given dispositive weight. *Id.; Z-Tel Comm., Inc. v. SBC Comm., Inc.,* 331 F.Supp.2d 567, 571 (E.D. Tex. 2004).

7. Although the Plaintiff's forum choice is to be considered, the Plaintiff's choice is neither conclusive nor determinative. *E.g., In re Horseshoe Entm't,* 337 F.3r 429, 434 (5l Cir. 2003); *Z-TEL Commc'ns, Inc. v. SBC Commc'ns, Inc.,* 331 F.Supp.2nd 567, 571 (E.D. Tex. 2004) (Folsom, J.).

8. In considering the foregoing factors, the court must consider the factors in light of all the claims alleged in the case, including the defendant's contentions and defenses, and not restrict its analysis to only the plaintiff's claims. *In re Volkswagen,* 371 F.3d at 204.

9. In addition, a change of venue under §1404(a) may be granted 'upon a lesser showing of inconvenience' than *forum non conveniens* dismissals." "[T]the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id.* at 314 *(citing Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 *(1955)).*

**B. PLAINTIFF COULD HAVE FILED SUIT IN THE TYLER DIVISION.**

10. A diversity action may be brought in any district where 1) any defendant resides, if all defendants reside in the same state, 2) where a substantial part of the events or omissions giving rise to the claim occurred, or 3) where any defendant is subject to personal jurisdiction at the time the action commenced, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(a).

11. Plaintiff is a resident of Tyler, Smith County, Texas, which is a part of the Tyler Division of the Eastern District of Texas.

12. The events giving rise to Plaintiff's claims all occurred at Wal-Mart Neighborhood Market, Store #4193 in Tyler, Smith County, Texas, which is a part of the Tyler Division of the Eastern District of Texas.

13. Defendant Wal-Mart is an entity located in and conducting business in Tyler, Smith County, Texas, which is a part of the Tyler Division of the Eastern District of Texas.

14. Based on the foregoing, Plaintiff could have, and should have, filed her Complaint with the Tyler Division of the Eastern District of Texas.

C. **THE "*GILBERT* FACTORS" SUPPORT TRANSFER.**

15. A consideration of the "*Gilbert* Factors" demonstrates that the Tyler Division is clearly more convenient than the Marshall Division. The distance from Wal-Mart Store #4193 in Tyler, Texas, where the events giving rise to Plaintiff's claims occurred, to the Federal Courthouse in Marshall, Texas is a distance of approximately 61 miles. In contrast, Wal-Mart Store #4193 and the Tyler courthouse are both within the city limits of Tyler, Texas. The Plaintiff is also a resident of Tyler, Texas and therefore the Tyler, Texas courthouse is closer to the Plaintiff's residence than the Marshall courthouse. Based on Fifth Circuit precedent, decisions from the Eastern District, and the specific facts of this case, this matter should be transferred to the Tyler Division of the Eastern District.

**Relative Ease of Access to Sources of Proof**

Along with the events and parties, all of the documents and physical evidence of this case are also located in the Tyler Division. Although the inconvenience in transporting documents or

evidence to Marshall, Texas may seem slight, in *Volkswagen II*, the 5th Circuit clarified that the question is *relative* ease of access, not *absolute* ease of access. *Volkswagen II*, 545 F.3d at 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous."); *see also In re Radmax, Limited*, 720 F.3d at 288.

In the present case, because all of the documents and physical evidence are located in the Tyler Division, this factor weighs in favor of transfer.

### The Cost of Attendance for Willing Witnesses

16.   The convenience of witnesses is arguably the most important factor in deciding whether a case should be transferred pursuant to § 1404(a); *Reed v. Fina Oil & Chemical Co., 995 F.Supp. 705,* 714 (RD. Tex. 1998). "Where another venue is more convenient to the residences of the parties, in terms of travel miles, over a more remote venue with no factual nexus to the case, the closer venue is the more appropriate." *Hanby v. Shell Oil Co.,* 144 F.Supp.2d 673, 678 (E.D. Tex. 2001) (citing *Robertson v. Kiamichi RR Co.,* L.L.C., 42 F.Supp.2d *651, 657* (E.D. Tex. 1999)); *see Shoemake,* 233 F.Supp.2d at 832 (stating "venue is considered convenient in the district or division where the majority of witnesses are located" and focusing on whether substantial inconvenience will be visited upon a key fact witness should the court deny transfer).

17.   Defendant has considered the increase in distance and travel time for their key witnesses and non-party witnesses in asking the Court to transfer venue to the Tyler Division. The factor of inconvenience to witnesses increases in direct relationship to the additional distance traveled. *In re Volkswagen AG,* 371 F.3d at 204-05. "Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional

travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id.* at 205. In this case, Tyler, Texas is roughly 61 miles closer to the witnesses and the location of the events giving rise to the claims in this case as well as the Plaintiff's residence. Tyler is more convenient to the parties as well as the witnesses in contrast to Marshall Division which has no factual nexus to the case.

### Plaintiff's Forum Choice Has No Nexus to Claims

18. "The plaintiff's choice of forum is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative." *Horseshoe Entertainment,* 337 F.3d at 434. The plaintiff's choice of forum may be overturned by a substantial showing that the other factors clearly favor transfer to an alternative forum. *Barton,* 144 F.Supp.2d *685,* 688 (E.D. Tex. 2001). In fact, the general rule that the plaintiff's choice of forum is not to be disturbed does not apply where it is clearly outweighed by other factors. *Casarez v. Burlington Northern/Santa Fe Co.,* 193 F.3d 334, 339 (5th Cir. 1999) (affirming transfer when other factors outweighed plaintiff's choice of forum); *Shoemake v. Union Pacflc RR Co.,* 233 F.Supp.2d 828, 830 (E.D. Tex. 2002). That is especially true when the plaintiff's choice of forum has no nexus with the parties, witnesses, or facts of the case. *See Cole v. Sherman Financial,* 2003 WL 22976283, *2 (E.D. Tex. 2003) (Clark, J.) (recognizing that the plaintiff's choice of forum holds little weight in deciding a motion to transfer when their claims have no nexus with the forum chosen).

19. Plaintiff has absolutely no nexus with her chosen forum. Both parties, the key witnesses, and the non-party witnesses are all located in the Tyler Division of the Eastern District of Texas. The events leading up to the suit occurred in the Tyler Division of the Eastern District of Texas. Plaintiff's alleged damages manifested in the Tyler Division of the Eastern District of Texas.

Moreover, Plaintiff's counsel is located in the Tyler Division of the Eastern District of Texas. As such, Plaintiff's choice of forum should receive no deference in the instant case and the matter should be ordered to the Tyler Division of the Eastern District of Texas.

### No Delay Caused By Transfer

20. Plaintiff filed suit on January 9, 2017. To date, no discovery has been conducted, no scheduling order has been entered, no conference has been scheduled, and the case is not set for trial. As such, none of the parties will be prejudiced due to a time delay if the case is transferred to the Tyler Division.

### Administrative Difficulties and Court Congestion

21. While Defendant Wal-Mart is in no position to advise the Court on the state of the respective dockets for the Marshall and the Tyler Divisions, Defendant Wal-Mart requests that the Court take judicial notice of the effect transfer would have on those divisions and the effect of plaintiffs being permitted to engage in forum shopping now and in the future. Filing cases without any rational relationship to the Division could create congestion beyond its judicial resources. *Hanby,* 144 F.Supp.2d 673, 679 (citing *Rock Bit Internat '1, Inc. v. Smith Internat '1, Inc., 957 F.Supp. 843, 844 (E.D. Tex. 1997)).* These factors lean toward transferring venue to the Tyler Division.

### Local Interest in Localized Disputes

22. Citizens of the Tyler Division of the Eastern District have a strong interest in resolving this controversy. There is no corresponding local interest among those living in the Marshall Division.

23. The Supreme Court of the United States recognizes that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508-09 (1947); see *Barton,* 144 F.Supp.2d at 689 (transferring case from one division to another division so that jurors with no connection to the case would not be forced to hear it). Smith County residents are precluded from currently serving as jurors on this case. Where the citizens of a division have a greater interest in adjudicating the dispute, it would be unfair to burden the citizens of an unrelated division to do so where there is no similar interest in the unrelated division. *Hanby,* 144 F.Supp.2d at 679. This factor supports transferring to the Tyler Division.

### III.

### CONCLUSION & PRAYER

24. As demonstrated above, Plaintiff should have initially filed her suit with the Tyler Division of the Eastern District where venue is proper and the convenience of the witnesses is satisfied. The parties, key witnesses, and non-party witnesses to this case are all located in the Tyler Division of the Eastern District. As such, a trial in Marshall, Texas would lead to the unnecessary increase in travel distance, travel time, and expense. Further, all of the wrongs Plaintiff has alleged and all of the damages Plaintiff claims to have sustained occurred in the Tyler Division of the Eastern District. Finally, Plaintiff's choice of forum should not be given any weight because it has absolutely no nexus to Plaintiff's claims.

25. The Fifth Circuit has noted the inadvisability of denying transfer where only the Plaintiff's choice weighs in favor of denying transfer and where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case are in the transferee

forum. *In re Radmax, Limited*, 720 F.3d at 290. The facts and circumstances of this case are wholly grounded in the transferee forum (the Tyler Division), which is a clearly more convenient venue, and this case has no connection to the Marshall Division.

26. Based on the foregoing, Defendant Wal-Mart prays the Court transfer this matter to the Tyler Division of the Eastern District of Texas and for any and other further relief to which Defendant Wal-Mart shows is justly entitled, whether at law or in equity.

Respectfully submitted,

By:   /s/  Edward L. Merritt
EDWARD L. MERRITT
TBA #13967400
emerritt@harbourlaw.com
JESSICA M. LaRUE
TBA # 24076019
jlarue@harbourlaw.com

**HARBOUR, SMITH, HARRIS & MERRITT**
404 N. GREEN STREET
P. O. DRAWER 2072
LONGVIEW, TEXAS 75606
TELEPHONE: (903) 757-4001
FAX: (903) 753-5123

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I certify that I have complied with the meet and confer requirement in Local Rule CV- 7(h) by personally conferring with counsel for Plaintiff on February 2, 2017 regarding the filing of this *Motion to Transfer Venue* in an attempt to resolve this matter without court intervention. However, Plaintiff's counsel indicated he is opposed to this Motion. Therefore, this *Motion to Transfer Venue* is presented to the court for determination.

          */s/ Edward L. Merritt*
          Edward L. Merritt

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above instrument was electronically filed with the Clerk of this Court on this the 2nd day of February, 2017.

          /s/ *Edward L. Merritt*
          Edward L. Merritt